**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Fast Radius, Inc., *et al.*,[1] | Case No. 22-11051 (___) |
| Debtors. | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO
(I) FILE A CONSOLIDATED LIST OF CREDITORS
IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF
THE DEBTORS' TWENTY LARGEST UNSECURED CREDITORS,
(III) REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION (IV) LIMITING CERTAIN EQUITY
SECURITY HOLDINGS DISCLOSURES, AND (V) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (i) file a single, consolidated list of creditors (the "Creditor Matrix") in lieu of submitting an individual mailing matrix for each Debtor, (ii) file a single, consolidated list of the Debtors' twenty largest unsecured creditors that are not insiders (the "Consolidated Top 20 Creditors List") in lieu of submitting a separate list of the twenty largest creditors for each Debtor, (iii) redact or withhold publication of certain personally identifiable information, (iv) limiting the application of Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") with respect to the equity security holder list (the "Equity List") of Fast Radius, Inc., and (v) granting related relief.  In support of the motion, the Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Fast Radius, Inc. (2788), Fast Radius Operations, Inc. (5398) and Fast Radius PTE. LTD (9511).  The corporate headquarters and the mailing address for the Debtors is 113 N. May Street, Chicago, Illinois 60607.

rely upon and fully incorporate by reference the *Declaration of Louis Rassey in Support of Chapter 11 Petitions and First Day Pleadings* (the "Rassey Declaration") and the *Declaration of Brian Whittman in Support of Chapter 11 Petitions and First Day Pleadings* (the "Whittman Declaration" and, together with the Rassey Declaration, the "First Day Declarations"),[2] filed contemporaneously with this motion, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

3.      Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in the motion are section 521 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 9037 and Local Rules 1007-1,1007-2 and 9018-1(d).

---

[2]      Capitalized terms used but not defined in this motion shall have the meaning given to them in the First Day Declarations.

## BACKGROUND

5.      On the date hereof, each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the chapter 11 cases.  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed.  No date has been set for a meeting of creditors pursuant to section 341 of the Bankruptcy Code.

6.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to these chapter 11 cases, is set forth in detail in the First Day Declarations, which are fully incorporated herein by reference.

## RELIEF REQUESTED

7.      Pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9037, and Local Rules 1007-1, 1007-2 and 9018-1(d), the Debtors request entry of the Proposed Order, authorizing the Debtors to (i) file a single, consolidated Creditor Matrix in lieu of submitting an individual mailing matrix for each Debtor, (ii) file a Consolidated Top 20 Creditors List in lieu of submitting a separate list of the twenty largest creditors for each Debtor, (iii) redact or withhold publication of certain personally identifiable information, (iv) limiting application of Bankruptcy Rule 1007(a)(3) with respect to the Equity List, and (v) granting related relief.

## BASIS FOR RELIEF

**A.      Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor.**

8.      Local Rule 1007-2(a) requires a voluntary chapter 11 debtor to file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  Local Rule 2002-1(f)(v) further requires "a separate claims register and separate

3

creditor mailing matrix for each debtor in jointly administered cases." However, Local Rule 1001-1(c) permits the modification of the Local Rules by the Court "in the interest of justice." Modifying the requirements of Local Rule 2002-1(f)(v) and authorizing the Debtors to file and maintain the consolidated Creditor Matrix, in lieu of individual matrices for each Debtor, is warranted for the reasons set forth herein.

9.       The Debtors have identified a large number of entities and individuals to which numerous notices of certain matters in these chapter 11 cases must be provided, and the Debtors do not presently maintain lists of the names and addresses of their separate creditors on a Debtor-specific basis. Segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task and, because certain of the creditors are or may be creditors of more than one Debtor, would result in duplicate mailings. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would frustrate its intended purpose. Accordingly, the Debtors submit that filing a consolidated Creditor Matrix in lieu of separate mailing matrices for each Debtor is appropriate under the present facts and circumstances and is consistent with the applicable provisions of the Local Rules.

10.      Moreover, courts in this District frequently grant similar relief. *See, e.g.*, *In re TPC Group Inc., et al.*, Case No. 22-10493 (CTG) [D.I. 344] (Bankr. D. Del. June 30, 2022); *In re Gold Standard Baking, LLC, et al.*, Case No. 22-10559 (JKS) [D.I. 40] (Bankr. D. Del. June 23, 2022); *In re EYP Group Holdings, Inc., et al.*, Case No. 22-10367 (MFW) [D.I. 38] (Bankr. D. Del. April 26, 2022); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) [D.I. 65] (Bankr.

D. Del. Sept. 1, 2021); *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) [D.I. 62] (Bankr. D.

Del. June 11, 2021).[3]

**B.**     **Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' Twenty Largest Unsecured Creditors in Lieu of Submitting a Separate List of Twenty Largest Creditors for Each Debtor.**

11.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the

name, address and claim of the creditors that hold the twenty largest unsecured claims, excluding

insiders."  This list is primarily used by the U.S. Trustee to evaluate the type and amount of

unsecured claims against a debtor and thus identify potential candidates to serve on an official

committee of unsecured creditors appointed in a debtor's case under section 1102 of the

Bankruptcy Code.  *See, In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla.

1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the

rules is to enable the [U.S. Trustee] to identify members and . . . to appoint immediately an

unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(l).").

12.     The Debtors request authority to file the Consolidated Top 20 Creditors List in lieu

of filing a top twenty unsecured creditor list for each Debtor.  Because the Top 20 Creditors Lists

of the Debtors could overlap, and certain Debtors may have fewer than twenty significant

unsecured creditors, filing separate Top 20 Creditors Lists would be of limited utility.  In addition,

the exercise of compiling separate Top 20 Creditors Lists for each individual Debtor could

consume an excessive amount of the company's limited time and resources.  Finally, the

Consolidated Top 20 Creditors List will facilitate the U.S. Trustee's identification of potential

candidates to serve on an official committee of unsecured creditors, as the Consolidated Top 20

---

[3]     In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

Creditors List will provide a representative picture of the Debtors' unsecured creditor constituency. Accordingly, filing the Consolidated Top 20 Creditor List is appropriate here.

13.     Courts in this district have granted similar relief to the relief requested herein.  *See, e.g.*, Cases Cited *supra* ¶ 10.

**C.     Ample Cause Exists to Authorize the Debtors to Redact Certain Personally Identifiable Information of Current and Former Employees.**

14.     Included among the Debtors' creditors listed on the Creditor Matrix are current and former employees of the Debtors, as well as individual equity holders.  Section 107(c)(1) of the Bankruptcy Code enables this Court to protect parties from the potential harm that could result from disclosing personally identifiable information that may lead to identify theft or other unlawful injury.  11 U.S.C. § 107(c)(1).  Bankruptcy Rule 9037 also requires that personally identifiably information of individuals be redacted to protect against their disclosure for privacy and security concerns.

15.     It is appropriate to authorize the Debtors to redact from any document publicly available in these chapter 11 cases the names and all associated personal information, including home addresses, of the Debtors' current and former employees, as well as individual equity holders, to avoid exposing these individuals to potential identity theft or jeopardizing their safety by publishing their home addresses.

16.     Indeed, there is little benefit to public access to the home addresses of the Debtors' current and former employees and individual equity holders in the context of a bankruptcy case, when the Debtors' addresses are readily available and the noticing agent in these chapter 11 cases will maintain a separate, confidential mailing list for service to the employees and individual equity holders at their residences for the benefit of all parties in interest desiring to serve such parties with pleadings or notices in these chapter 11 cases.

17.     Courts in this District frequently grant similar relief.  *See, e.g.*, *In re Gold Standard Baking, LLC, et al.*, Case No. 22-10559 (JKS) [D.I. 40] (Bankr. D. Del. June 23, 2022) (authorizing the debtors to redact address information and other personally identifiable information of individual creditors, including the debtors' employees, listed on the creditor matrix or other documents filed with the court); *In re EYP Group Holdings, Inc., et al.*, Case No. 22-10367 (MFW) [D.I. 38] (Bankr. D. Del. April 26, 2022) (same); *In re Agspring Miss. Region, LLC*, No. 21-11238 (CTG) [D.I. 8] (Bankr. D. Del. Sept. 13, 2021) (same); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) [D.I. 65] (Bankr. D. Del. Sept. 1, 2021) (same); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) [D.I. 54] (Bankr. D. Del. Apr. 27, 2021) (same).[4]

18.     Accordingly, the Debtors submit that filing the Consolidated Top 20 Creditors List is consistent with the applicable provisions of the Local Rules and appropriate under the facts and circumstances present here.

**D.      Cause Exists to Limit the Application of Bankruptcy Rule 1007(a)(3) with Respect to the Equity List of Fast Radius, Inc.**

19.     Voting and nonvoting stock of Fast Radius, Inc., the direct or indirect parent of all of the other Debtors, is publicly traded on the NASDAQ Stock Exchange under the ticker "FSRD". As of September 30, 2022, Fast Radius, Inc. had approximately 75,901,646 outstanding shares of common stock.  The holders of such stock change on a regular basis through active trading.

20.     Bankruptcy Rule 1007(a)(3) provides that "the debtor shall file within fourteen days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder."

---

[4]      In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

21.     Cause exists for the Court to limit the disclosure obligations imposed by Bankruptcy Rule 1007(a)(3) and request that such disclosures be limited to the registered holders of 5% or more of the common stock in Fast Radius, Inc.  Indeed, the Debtors submit that preparing Fast Radius, Inc.'s Equity List in full compliance with Bankruptcy Rule 1007(a)(3) would be burdensome, time-consuming, expensive and serve little or no beneficial purpose.  The Debtors will provide Fast Radius's equity security holders with notice as required by the Bankruptcy Code through the records maintained by the Debtors' transfer agent and relevant securities depositories, including their nominees, brokers or other agents, as appropriate.  Thus, the Debtors submit that the requested relief does not prejudice the equity security holders.

22.     Courts in this District frequently grant similar relief.  *See, e.g.*, *In re NewAge, Inc., et al.*, Case No. 22-10819-LSS (LSS) [D.I. 154] (Bankr. D. Del. Sept. 29, 2022) (Waiving the requirement to file equity security holders list entirely); *In re Pennsylvania Real Estate Investment Trust, et al.*, Case No. 20-124737 (KBO) [D.I. 187] (Bankr. D. Del. Nov. 23, 2020) (Limiting disclosures to equity security holders that hold 5% or more of debtor's common stock); *In re AAC Holdings, Inc*., Case No. 20-11648 (JTD) [D.I. 51] (Bankr. D. Del. June 23, 2020) (waiving the requirement to file a list of equity holders and the requirement to provide notice directly to equity security holders); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) [D.I. 297] (Bankr. D. Del. Apr. 11, 2019) (waiving the requirement to file a list of equity security holders).  *In re Southcross Energy Partners, L.P.*, Case No. 19-10702 (MFW) [D.I. 50] (Bankr. D. Del. April 2, 2019) (same).[5]

---

[5]     In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

23.     Under the circumstances and given the nature of the relief requested in this Motion, the Debtors have not been able to confer with the individuals whose information is requested to be sealed, and accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

## NOTICE

24.     Notice of this motion will be provided to: (a) the Office of the United States Trustee for Region 3; (b) the Office of the United States Attorney for the District of Delaware; (c) each of the parties included on the Consolidated Top 20 Creditors List; (d) the Internal Revenue Service; (e) the Securities Exchange Commission; (f) counsel to the Debtors' secured lenders; (g) the attorney general for each state in which the Debtors operate; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (i) any other party entitled to notice under Local Rule 9013-1.  As this motion is seeking "first day" relief, notice of this motion and any order entered in connection with this motion will be served on all parties required by Local Rule 9013-1(m).  The Debtors respectfully submit that such notice is sufficient and no further notice of this motion is required.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this motion, and such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  November 7, 2022
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**
 */s/ R. Craig Martin*
R. Craig Martin (DE 5032)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email:  craig.martin@us.dlapiper.com

-and-

Rachel Ehrlich Albanese (*pro hac vice* pending)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email:  rachel.albanese@us.dlapiper.com

-and-

W. Benjamin Winger (*pro hac vice* pending)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: 312 236-7516
Email:  benjamin.winger@us.dlapiper.com

*Proposed Counsel for the Debtors*

## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Fast Radius, Inc., *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 22-11051 (___)<br><br>(Joint Administration Requested)<br><br>**Re: D.I. [__]** |

**ORDER AUTHORIZING THE DEBTORS TO**
**(I) FILE A CONSOLIDATED LIST OF CREDITORS**
**IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX**
**FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF**
**THE DEBTORS' TWENTY LARGEST UNSECURED CREDITORS,**
**(III) REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONALLY**
**IDENTIFIABLE INFORMATION (IV) LIMITING CERTAIN EQUITY**
**SECURITY HOLDINGS DISCLOSURES, AND (V) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to (I) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) File a Consolidated List of the Debtors' Twenty Largest Unsecured Creditors, (III) Redact or Withhold Certain Personally Identifiable Information (IV) Limiting Certain Equity Security Holdings Disclosures and (V) Granting Related Relief* (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order authorizing the Debtors to file the Creditor Matrix in lieu of submitting an individual mailing matrix for each Debtor, (ii) file the Consolidated Top 20 Creditor List in lieu of submitting a separate list of twenty largest creditors for each Debtor, (iii) redact or withhold publication of certain personally identifiable

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Fast Radius, Inc. (2788), Fast Radius Operations, Inc. (5398) and Fast Radius PTE. LTD (9511).  The corporate headquarters and the mailing address for the Debtors is 113 N. May Street, Chicago, Illinois 60607.

[2]      Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

information, (iv) limiting the application of Bankruptcy Rule 1007(a)(3) with respect to the Equity List of Fast Radius, Inc., and (v) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declarations; and this Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declarations establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The requirement that separate mailing matrices be submitted for each Debtor is waived, and the Debtors are authorized to submit a single, consolidated creditor matrix.

3.      The Debtors are authorized to file the Consolidated Top 20 Creditors List in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

4.      The Debtors are authorized to redact those portions of the Creditor Matrix and any other document filed with the Court that contain the personally identifiable information of all current and former employees and individual equity holders of the Debtor.  The unredacted version of the Creditor Matrix or any other document filed with the Court containing such information shall not made available, except that copies shall be provided to this Court, the Office of the United States Trustee for Region 3, and others upon further Court order.

5.      Each party receiving an unredacted version of the Creditor Matrix shall keep such information confidential.  To the extent any party provided with an unredacted version of the Creditor Matrix files any responsive pleadings, such party shall redact from its pleadings any confidential or personally identifiable information of all current and former employees and individual equity holders of the Debtor.

6.      The claims and noticing agent in these chapter 11 cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees at their respective residences for the benefit of all parties in interest desiring to serve the Debtors' current and former employees and individual equity holders with pleadings or notices in these chapter 11 cases, and shall serve the Debtors' current and former employees and individual equity holders with such pleadings or notices on behalf of all parties in interest.

7.      The disclosure obligations imposed by Bankruptcy Rule 1007(a)(3) are limited to only the holders of 5% or more of the common stock in Fast Radius, Inc.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

3

9.      Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.