**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Fast Radius, Inc., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-11051 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. No. 80** |

**SUPPLEMENTAL NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO.**

**PLEASE TAKE NOTICE REGARDING THE FOLLOWING:**

　　　　1.　　　On November 7, 2022, the above-captioned Debtors each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

　　　　2.　　　On November 14, 2022, the Court entered the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 77] (the "<u>Bidding Procedures Order</u>")[2], authorizing the Debtors to solicit offers for the purchase of certain of the Debtors' assets and, if necessary, to conduct an auction (the "<u>Auction</u>") to select the party to purchase such assets. The Auction (if any) will be governed by the bidding procedures (attached to the Bidding Procedures Order as <u>**Exhibit 1**</u> (the "<u>Bidding Procedures</u>").

　　　　3.　　　On November 16, 2022, the Debtors filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "<u>Original Cure Notice</u>") [D.I. 80]. This supplemental notice (the "<u>Supplemental Contract Assumption Notice</u>") is filed pursuant the Original Cure Notice and is permitted by the Bidding Procedures Order. To the extent an Assigned Contract is included in both the Original Cure Notice and this Supplemental Contract

---

[1]　　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Fast Radius, Inc. (2788), Fast Radius Operations, Inc. (5398) and Fast Radius PTE. LTD (9511). The corporate headquarters and the mailing address for the Debtors is 113 N. May Street, Chicago, Illinois 60607.

[2]　　　Capitalized terms used but not defined herein shall have the meaning given to them in the Bidding Procedures Order.

Assumption Notice, the information, including estimated cure amount, in the Supplemental Contract Assumption Notice shall control.

4. Pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder certain of the Assigned Contracts listed on the Cure Schedule, attached hereto as **Exhibit A**, to which you are a counterparty, upon approval of the Sale. The Cure Schedule can also be viewed on the Debtors' case website (https://cases.stretto.com/fastradius). The Debtors have conducted further review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Costs").

5. The Debtors are willing to provide adequate assurance information as and when available and, in any event, no later than **December 5, 2022**, to each Contract Counterparty, *provided that* the Debtors and such Counterparty have entered into an appropriate confidentiality agreement with respect to such information.

6. If you disagree with the proposed Cure Costs, object to a proposed assignment to the Successful Bidder of any Assigned Contract, or object to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court prior to **December 8, 2022, at 4:00 p.m. (prevailing Eastern time)** (the "Cure Objection Deadline"); *provided* that (i) the Debtors may extend the Cure Objection Deadline by filing a notice of such modification on the Court's docket and (ii) the Goose Island landlord will have until **December 9, 2022 at 11:00 a.m. (prevailing Eastern time)** to object with respect to adequate assurance and Cure Costs. Any objection shall be sent to the following parties: (a) counsel to the Debtor DLA Piper LLP (US) (i) 1201 North Market Street, Suite 2100 Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. at craig.martin@us.dlapiper.com); (ii) 1251 Avenue of the Americas New York, New York 10020 (Attn: Rachel Ehrlich Albanese, Esq. at rachel.albanese@us.dlapiper.com); and (iii) 444 West Lake Street, Suite 900 Chicago, Illinois 60606 (Attn: W. Benjamin Winger, Esq. at benjamin.winger@us.dlapiper.com); and (b) the Office of the United States Trustee for Region 3, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Timothy Fox, Esq. at Timothy.Fox@usdoj.gov).

7. If a party does not file a timely objection to (a) the Cure Costs(s), (b) the proposed assignment and assumption of any Assigned Contract, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on any grounds, including that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale.

8. Any Cure Objection in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date to be fixed by the Court.[3]

9. Notwithstanding anything herein, the mere listing of any Assigned Contract on the Cure Notice does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such Assigned Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Successful Bidder, as applicable, to designate any Assigned Contract as either rejected or assumed on a post-closing basis.

10. Nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

[*Remainder of page intentionally left blank*]

---

[3] With respect to the Goose Island landlord, the Sale Hearing shall be treated as a status conference with respect to any Cure Objection or adequate assurance objection filed by it, provided that the Debtors reserve their rights to seek an evidentiary hearing on any such Cure Objection or adequate assurance objection as soon as possible thereafter.

| | |
|---|---|
| Dated: November 23, 2022<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br>*/s/ R. Craig Martin*<br>R. Craig Martin (DE 5032)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5655<br>Facsimile: (302) 778-7834<br>Email: craig.martin@us.dlapiper.com<br><br>– and –<br><br>Rachel Ehrlich Albanese (admitted *pro hac vice*)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br>Email: rachel.albanese@us.dlapiper.com<br><br>-and-<br><br>W. Benjamin Winger (admitted *pro hac vice*)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>Telephone: (312) 368-4000<br>Facsimile: (312) 236-7516<br>Email: benjamin.winger@us.dlapiper.com<br><br>*Proposed Counsel for the Debtors* |